IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In the Matter of: | ) | Case No. BK25-80857 |
| MARK A. CADE, | ) | Chapter 7 |
| Debtor. | ) | |
| JENNIFER R. CADE, | ) | Case No. AP26-8015 |
| Plaintiff, | ) | |
| v. | ) | |
| MARK A. CADE, | ) | |
| Defendant. | ) | |

**Order Granting in Part and Denying in Part**
**Defendant's Motion for Judgment on the Pleadings**
**or in the Alternative for Abstention**

The defendant filed a motion for judgment on the pleadings, or alternatively for abstention. Albert P. Burnes represents the plaintiff Jennifer R. Cade. Ryan D. Caldwell represents the debtor and defendant Mark A. Cade. In her complaint, the plaintiff seeks to determine the dischargeability of debts arising out of the parties' divorce. She also requests attorney's fees and authorization to transfer a cash value insurance policy. The defendant's motion for judgment on the pleadings is granted to the extent it requests attorney's fees and authority to transfer. The balance of the motion is denied because the defendant does not admit any particular obligation in the decree satisfies 11 U.S.C. §§ 523(a)(5) or (a)(15). The defendant's request for abstention is also denied. The requirements for mandatory abstention are not met, and the factors presently do not support permissive abstention.

The court has subject-matter jurisdiction under 28 U.S.C. §§ 157(a) and 1334(b).[1] A determination of the dischargeability of a debt is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(I).

**Factual Allegations**

For purposes of the motion, the court accepts the well-pleaded allegations in the complaint as true.

The marriage of the plaintiff and the defendant was dissolved on July 31, 2025, by a decree entered by the District Court of Douglas County, Nebraska. Sixteen days later, on August 16, 2025, the defendant filed his Chapter 13 bankruptcy case. On November 25, 2025, the parties were granted relief from the automatic stay to permit the decree to become final. The defendant's case was converted to a Chapter 7 case on March 31, 2026.

The plaintiff's complaint contains three "Causes of Action" regarding provisions in the parties' divorce decree. In Cause of Action Number One, the plaintiff asserts that, under Paragraph 8(s) of the decree, the state court ordered the defendant to "maintain a term life insurance policy in an amount sufficient to fund his unpaid child support, alimony and the reimbursement obligations set forth above until paid in full," and to annually provide the plaintiff documentation establishing the plaintiff is the irrevocable beneficiary, the premium is paid, and the policy remains in effect until all support obligations are satisfied. The plaintiff alleges the defendant has not fulfilled his obligations. She requests the court find the obligations are excepted from discharge.

In Cause of Action Number Two, the plaintiff asserts that, under Paragraph 8(j) of the decree, the defendant was ordered to pay various debts and to hold harmless the plaintiff with respect thereto. The state court imposed the obligation on equitable grounds and, by the express terms of the divorce

---

[1] The plaintiff asserts the state court judge presiding over her divorce does not have jurisdiction to determine whether the debts listed in the complaint are excepted from discharge. The assertion is not accurate. *See Stabler v. Beyers (In re Stabler)*, 418 B.R. 764, 770 (B.A.P. 8th Cir. 2009) ("Aside from determinations of dischargeability under 11 U.S.C. § 523(a)(2), (4), or (6), state courts have concurrent jurisdiction to determine the dischargeability of a debt."). To support her assertion, the plaintiff cites *Quiles v. Collazo*, 12 N.W.3d 518 (Neb. Ct. App. 2024). *Quiles* holds the determination of whether a debt is in the nature of support is a question of federal bankruptcy law. *Quiles* provides only the law of decision. It is silent as to jurisdiction.

decree, "as a sanction for failing to comply with the Court's Orders." Likewise, under Paragraph 8(o) of the decree, the state court found the defendant fraudulently incurred tax obligations for the years 2019 and 2020. The state court ordered the defendant to indemnify and hold harmless the plaintiff for the tax debts. The plaintiff requests these obligations be excepted from discharge.

In Cause of Action Number Three, the plaintiff alleges that, under Paragraph 8(t) of the decree, the state court awarded an existing insurance policy with a cash value to the parties' daughter, which policy is to be held in constructive trust and transferred to the child when she reaches the age of majority. According to the plaintiff, the transfer has not yet occurred. According to the defendant's answer, it has. The plaintiff requests the court find the obligation is excepted from discharge.

The plaintiff requests attorney's fees and costs but does not identify a legal basis for an award. In her brief, she concedes attorney's fees and costs should be adjudicated by the state court. The plaintiff also requests the court "allow the parties' [sic] to complete the transfer" of the cash value policy.

**Legal Standard**

A party may move for judgment on the pleadings after the pleadings are closed. *See* Fed. R. Civ. P. 12(c); Fed. R. Bankr. P. 7012(b). The Eighth Circuit Court of Appeals directs courts to apply the same standard to a Rule 12(c) motion as to a motion under Rule 12(b)(6). *See Haney v. Portfolio Recovery Assocs., L.L.C.*, 837 F.3d 918, 924 (8th Cir. 2016). Therefore, the non-moving party's well-pleaded factual allegations are accepted as true, and all reasonable inferences are drawn in that party's favor. *See Ellis v. City of Minneapolis*, 860 F.3d 1106, 1109 (8th Cir. 2017). Legal conclusions couched as factual allegations are not entitled to the same presumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

The plaintiff filed evidentiary materials in response to the motion, including the divorce decree.[2] If matters outside the pleadings are presented and not

---

[2] The materials included certified copies of support payment history reports from the Department of Health and Human Services, an unauthenticated handwritten note, an unauthenticated Ownership Change Request form for the cash value policy, and a copy of the Nebraska Court of Appeals decision in *Quiles*. The divorce decree is embraced by both the plaintiff's complaint and the defendant's answer and was considered. *See Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

excluded, the motion must be treated as one for summary judgment and all parties given a reasonable opportunity to present pertinent material. Fed. R. Civ. P. 12(d). The materials outside the pleadings are excluded. The motion will not be converted to a motion for summary judgment.

## Conclusions of Law

### *Judgment on the Pleadings*

The defendant devotes most of his brief to characterizing the complaint as an action to enforce the parties' divorce decree. He correctly notes a federal court cannot issue a divorce, alimony, or child-custody decree. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992). But the plaintiff does not request such relief. And although the plaintiff pleads the defendant has not complied with the divorce decree, the defendant's characterization of the complaint as seeking enforcement is not accurate. The plaintiff requests the court find specific obligations within the decree are excepted from discharge. She also requests permission to complete a transfer of an insurance policy. And in her brief, she expressly disclaims any enforcement remedy.

In seeking judgment on the pleadings, the defendant notes §§ 523(a)(5) and (a)(15) are self-executing and do not require an adversary proceeding. He argues, "The need for this adversary proceeding is therefore difficult to discern." Indeed, in a recent Chapter 13 case, this court held a complaint under § 523(a)(15) presented no claim to adjudicate where the subsection's application turned solely on the chapter under which the case proceeded. *See Schultz v. Downing (In re Downing)*, 2025 WL 778873 (Bankr. D. Neb. Mar. 11, 2025). *In re Downing* supports the defendant's argument that §§ 523(a)(5) and (a)(15) operate without a judgment. But *In re Downing* involved a liquidated money judgment dividing and equalizing marital property. And, most importantly, neither party disputed the judgment was a debt to a former spouse incurred in the divorce and excepted under 11 U.S.C. § 523(a)(15). Therefore, only the automatic application of the exception to discharge was at issue. That application did not require adjudication.

But in this case the parties dispute the character of the underlying obligations. That character must be determined before either subsection can be applied. Bankruptcy Rule 4007(a) permits a creditor to seek that determination. Thus, despite the defendant's argument, there is a claim to adjudicate. No statute or rule precludes its adjudication in an adversary proceeding.

The defendant's answer establishes he disputes the character of each obligation. He expressly denies the obligations imposed by Paragraphs 8(j) and 8(o) are domestic support obligations. And he does not admit any obligation satisfies either 11 U.S.C. § 523(a)(5) or (a)(15). At most, the defendant "admits that any obligation under Paragraph 8.s. that constitutes a domestic support obligation is excepted from discharge under 11 U.S.C. § 523(a)(5)." He "admits that obligations to a former spouse arising from a divorce decree and falling within 11 U.S.C. § 523(a)(15) are excepted from discharge." He "admits that an obligation under Paragraph 8.t. that is in the nature of support for the parties' minor child is excepted from discharge under 11 U.S.C. § 523(a)(5)." In short, the defendant admits the law.

The defendant also emphasizes he offered to stipulate that "debts arising from the Decree were nondischargeable pursuant to §523(a)(5) and/or §523(a)(15)." He states the proposed stipulation "expressly provided that Defendant's discharge would not discharge *qualifying* obligations imposed by the Decree" (emphasis added). But a stipulation was not entered. And even if it had been entered, the stipulation, as the defendant describes it, does not resolve which of the pleaded obligations qualify. That is the question the plaintiff, through her complaint, asks this court to decide.

Likewise, the plaintiff's allegations that each provision of the decree "is in the nature of support and maintenance" and "is a domestic support obligation" are legal conclusions not entitled to an inference of truth. *See Iqbal*, 556 U.S. at 678–79. The ultimate question whether any particular obligation under Paragraph 8 of the divorce decree satisfies 11 U.S.C. §§ 523(a)(5) or (a)(15) therefore remains contested.

Resolution of the contested question requires the parties address an additional issue. A discharge under § 727(b) discharges the debtor from "all debts that arose before the date of the order for relief." 11 U.S.C. § 727(b). Likewise, certain "debt" is excepted from discharge. *See* 11 U.S.C. § 523(a). Both provisions operate on "debt." Under the Bankruptcy Code, "the term 'debt' means liability on a claim." 11 U.S.C. § 101(12). A claim is a "right to payment," or a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment." 11 U.S.C. § 101(5). If an obligation is not a claim, it is not a debt; it is not discharged; and it does not fall within an exception to discharge.

Each obligation the plaintiff pleaded falls into one of four categories: 1) not a claim; 2) a claim arising after conversion on March 31, 2026; 3) a pre-petition

debt excepted from discharge; or 4) a discharged pre-petition debt.[3] Because obligations in the first three categories survive the bankruptcy, the plaintiff can enforce them notwithstanding the discharge. *See* 11 U.S.C. § 524(a)(2). But the plaintiff cannot enforce against the debtor, personally, any obligation in the fourth category.[4] The nature of each of the pleaded obligations must be fleshed out.

But the plaintiff's request to approve the *transfer*[5] of the cash value policy is different, and judgment on the pleadings is appropriate. The plaintiff asks this court to "allow the parties' [sic] to complete the transfer." The complaint identifies no statutory basis for the request. In her brief, the plaintiff identifies 11 U.S.C. § 363 as the basis. Section 363(b)(1) authorizes the trustee to use, sell, or lease property of the estate outside the ordinary course of business. This is a Chapter 7 case. The plaintiff is not the Chapter 7 trustee, and the defendant is not a debtor in possession. Neither party to this adversary proceeding may invoke § 363. Whether the policy is property of the estate does not matter here. If it is, its administration belongs to the Chapter 7 trustee, not to either party to this proceeding. If it is not property of the

---

[3] This case was converted from Chapter 13. Some claims that appear at first to be post-petition claims are pre-petition claims. "A claim against the estate or the debtor that arises after the order for relief but before conversion … other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition." 11 U.S.C. § 348(d).

[4] Two corollaries: First, as a general matter, the discharge operates on the "personal liability of the debtor." 11 U.S.C. §§ 524(a)(1)–(2). A pre-petition property interest is not affected by the discharge. *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*."). If the divorce decree impressed a constructive trust on the cash value policy before the petition date, the daughter's interest in that policy may be beyond the reach of the discharge without regard to whether any related obligation is a debt. Second, the obligation under Paragraph 8(s) to maintain insurance and to furnish annual documentation is continuing. To the extent performance is owed after the order for relief, it may not be a pre-petition debt at all.

[5] The request to transfer the cash value policy as ordered by Paragraph 8(t) of the decree is separate from the request to determine whether the obligation under Paragraph 8(t) is excepted from discharge. The former is denied; the latter is not.

estate, no order of this court is necessary to complete the transfer. Either way, the request cannot be granted in this proceeding. It is denied.[6]

The plaintiff's request for attorney's fees suffers the same fate. The complaint identifies no underlying basis – statutory, contractual, or otherwise. And § 523 itself contains no fee-shifting provision. Because the plaintiff concedes in her brief that any attorney's fee determination and award should be made by the state court, the request is denied without prejudice to recovery in state court under state law.

*Abstention*

The request for abstention is denied because the complaint does not plead claims based on state law. It pleads core bankruptcy claims for the determination of dischargeability under federal law. Mandatory abstention applies under the following conditions:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). The statutory elements are not met. The only request arguably seeking enforcement of the decree has been denied. What remains are claims to determine dischargeability under federal law. *See* 11 U.S.C. §§ 523(a)(5), (a)(15); 28 U.S.C. § 157(b)(2)(I). Even if the complaint were construed to plead state-law claims, § 1334(c)(2) requires an action be "commenced … in a State forum of appropriate jurisdiction." No such action commenced. The defendant acknowledges as much when he states in his brief, "the precise enforcement motion may not yet have been filed." A state

---

[6] A related question remains. Under Paragraph 8(t) of the divorce decree, the cash value policy is "awarded to [the parties' daughter] and held in constructive trust." It is to be transferred to the daughter when the daughter reaches the age of majority. Section 523(a)(15) excepts a debt "to a spouse, former spouse, or child of the debtor." To the extent the obligation involves a constructive trust and is owed to the daughter instead of the plaintiff, is the plaintiff acting in the right capacity?

court retaining authority to enforce its own judgment is not the same as a "commenced" action in which claims "can be timely adjudicated."

A federal court may permissively abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). The court declines to permissively abstain. Few factors weigh in favor of permissive abstention. *See In re Stabler*, 418 B.R. at 769 (stating the criteria used and factors considered in determining whether to permissively abstain). In addition to the above reasons, state-law issues do not predominate. The terms of the decree are not in dispute. What is disputed is the federal bankruptcy characterization of the obligations those terms impose. And the plaintiff disclaimed enforcement relief. The denial of permissive abstention is without prejudice to renewal if the posture of this case materially changes, for example, if a state-law enforcement dispute arises or if the plaintiff seeks relief beyond dischargeability.

**Conclusion**

Only exceptions to discharge under § 523(a)(2), (4), and (6) require a timely adversary proceeding. *See* 11 U.S.C. § 523(c)(1); Fed. R. Bankr. P. 4007(c). Exceptions under § 523(a)(5) and (a)(15) operate by force of the statute. They may be determined at any time under Bankruptcy Rule 4007(b) and need not be reduced to a judgment of this court to survive a debtor's discharge. State courts have concurrent jurisdiction to determine whether they apply.[7] But an adversary proceeding is not inappropriate when the character of the underlying obligation is disputed.

The parties are ordered to immediately meet and confer to determine whether they can stipulate which obligations are excepted from discharge. If not, within fourteen days of the date of this order they must jointly submit a status report. The report must list each obligation under Paragraphs 8(s), 8(j), 8(o), and 8(t). For each obligation, each party must identify into which of the four categories identified above the obligation falls. If either party contends an obligation is a pre-petition debt, the parties must state whether the dischargeability of that obligation is disputed and, if so, the basis of the dispute and whether the outcome differs if the obligation is analyzed under 11 U.S.C. § 523(a)(5) or § 523(a)(15). The parties must also state who holds

---

[7] *See supra* note 1.

any claim arising under Paragraph 8(t) and whether and in what capacity the plaintiff may assert it.

The defendant's motion for judgment on the pleadings or in the alternative for abstention is granted to the extent it seeks denial of the request for attorney's fees and to the extent it seeks an order denying the request for authority to transfer the cash value insurance policy. The balance of the motion is denied.

Dated: September 18, 2026

BY THE COURT:

/s/ Brian S. Kruse
Brian S. Kruse
Chief Bankruptcy Judge